## EDMUND SOUTHWICK *vs.* TRUMAN ESTES.

A master is responsible for the negligent acts of his servants, done within the general scope of their employment, although contrary to his express orders, if not done in wilful disregard of those orders.

THIS was an action on the case for injury to the land of the plaintiff, situated on the south side of the north branch of the Hoosac River, and bounded northerly on the line on the south bank of the stream where the land and water coincide, when the stream is at its usual, ordinary and natural height. The defendant owned the land north of this line; he managed his estate through the agency of one Evenal Estes, who was from time to time engaged, with sundry laborers employed by him, in removing stones and other obstructions from the bed of the stream; and the stones thus removed were placed on the north bank of the river. The plaintiff introduced evidence to show that on one or more occasions the laborers so employed had entered upon the land of the plaintiff, or had removed stones or earth that were attached to the same, and displaced some of his soil.

The defendant, not admitting these facts to be proved, contended that if they were as above stated, yet he was not liable therefor, inasmuch as said Evenal had testified that if he and his workmen passed over the defendant's line and entered upon the land of the plaintiff, it was against the defendant's directions given to them while thus employed; and requested the court so to instruct the jury.

But *Dewey,* J., before whom the case was tried, instructed the jury on this point, that if the servants of the defendant had done such acts while in his service, and the acts done were within the general course of business and scope of employment, in which they were employed by him; and although directed to remove stones or earth within the defendant's southern boundary line, yet if they, when thus employed, negligently passed over the limits thus pointed out by the master, being at the time employed to remove stones, and

transport them to the north bank of the stream; and had thus removed stones from the plaintiff's bank, and carried them to the defendant's bank on the opposite side of the river, and there deposited them for a wall or embankment, the master was liable in this action; but that if the acts of the servants were not done negligently, but wilfully, and with the intention of disregarding the directions of the master, he would not be responsible therefor.

The jury returned a verdict for the plaintiff, and the case was reported for the consideration of the whole court.

*H. L. Dawes*, for the defendant. A master' cannot be held liable for the tortious acts of his servants, committed against his express directions, merely because they were not done wilfully. Bro. Ab. Trespass, 435, 2 Rol. Ab. 553, and Noy's Maxims, c. 44, as cited in *McManus* v. *Crickett*, 1 East, 107; *Middleton* v. *Fowler*, 1 Salk. 282; 3 Steph. N. P. 2340; Story on Agency, § 456.

*T. Robinson*, for the plaintiff.

SHAW, C. J. The distinction between the liability of the master, for the negligent acts of his servants, and that resulting from their wilful and designed tortious acts, appears to have been carefully made and correctly stated in the charge of the judge. *McManus* v. *Crickett*, 1 East, 106. A servant may do great damage to another person, in the negligent and careless performance of his master's service, though against the master's will and contrary to his orders; yet this is a ground of action against the master. [14 How. 468.]

*Judgment on the verdict.*